IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VALERIE M. SORROWS                                                                             PLAINTIFF

v.                               CIVIL NO. 2:23-cv-02148-MEF

LELAND DUDEK, Acting Commissioner[1]
Social Security Administration                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 19, 20). The parties have consented to the jurisdiction of a Magistrate Judge to conduct all proceedings in this case, and pursuant to said authority, the Court issues this Order. (ECF No. 6).

On March 5, 2025, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting $4,245.90, representing a total of 18.90 attorney hours for work performed in 2023, 2024 and 2025 at an hourly rate of $206.00 and 4.70 paralegal hours at an hourly rate of $75.00. (ECF No. 19-2). On March 6, 2025, the Defendant filed a response voicing no objections. (ECF No. 22). They note, however, a minor calculation error in the number of paralegal hours requested. On Exhibit A, it correctly reflects 3.70 hours but Exhibit B states 4.70 hours.

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not substantially

---

[1] Leland Dudek was named Acting Commissioner of Social Security on February 18, 2025, and in his official capacity is substituted as defendant. *See* Fed. R. Civ. P. 25(d).

justified, the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"));  and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).  Accordingly, after correcting the calculation error, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,170.90.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff.  However, if the Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Based upon the foregoing, Plaintiff is awarded the sum of **$4,170.90** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

IT IS SO ORDERED this 6th day of May 2025.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE